UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW HERBERT, | ) | Civil Action |
| | ) | No.: 3:05-CV-2152 –EMK |
| Plaintiff, | ) | (Judge Edwin M. Kosik) |
| | ) | |
| vs. | ) | |
| | ) | |
| GENERAL MOTORS CORPORATION d/b/a AND/OR t.a. CHEVROLET AND/OR GEO, and TAKATA FISHER CORPORATION, and SUZUKI MOTOR CORPORATION, and TAKATA CORPORATION, and CAMI AUTOMOTIVE, INC., and TK HOLDINGS, INC., and TAKATA RESTRAINT SYSTEMS, INC., and, TAKATA SEATBELTS, INC., and TAKATA FABRICATION CORP, | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| vs. | ) | |
| ROBERT FORD and JOSEPH TAYLOR, Third Party Defendants. | ) | |

**MEMORANDUM OF GENERAL MOTORS CORPORATION IN OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE LARRY HERBERT AND SHANNON HERBERT AS GUARDIANS FOR PLAINTIFF MATTHEW HERBERT**

COMES NOW General Motors Corporation (hereinafter "GM"), by and through its attorneys, Lavin, O'Neil, Ricci, Cedrone & Disipio, and Hanson Marek Bolkcom & Greene, Ltd., and submit the following Memorandum in Opposition to Plaintiff's Motion To Substitute Larry Herbert And Shannon Herbert As Guardians For Plaintiff Matthew Herbert.

1. This is an action seeking damages for injuries Plaintiff allegedly sustained on or about November 2, 2003 while riding as a rear seat passenger in a 1993 Geo Tracker which was owned and occupied by Third Party Defendant Robert Ford and driven into a tree by Third Party

Defendant Joseph Taylor ("Subject Accident"). Plaintiff Matthew Herbert has alleged claims against all defendants sounding in negligence, strict liability and breach of warranty.

2. On October 13, 2006, Plaintiff filed a motion seeking an order "substituting Larry Herbert and Shannon Herbert as Plaintiffs as co-guardians for Matthew Herbert," citing Fed. R. Civ. Proc. 17 (Dkt #80).

3. Contrary to Plaintiff's supposition, there is nothing in Rule 17 which requires the substitution of his parents as plaintiffs in his stead merely because they have been appointed "Plenary Co-Guardians" of his estate and person. On the contrary, Rule 17(a) requires that all actions "shall be prosecuted in the name of the real party in interest." Here, Matthew Herbert, the Plaintiff, is the real party in interest, and no showing has been made that he is no longer the real party.

4. Rule 17 does provide that "when incompetent person has a representative . . . the representative may sue or defend on behalf of the infant or incompetent person." Fed. R. Civ. Proc. 17(c) (Emphasis added). But there is no requirement that a guardian appointed after an action has been filed must be substituted as the named plaintiff, particularly where such appointment has been made without notice to the other parties to the pending litigation.

5. Plaintiff has made no showing that the substitution of named parties is necessary. The court may protect the interests of Matthew Herbert, if he is indeed determined to be incompetent, by issuing appropriate orders as needed. Rule 17 provides that the court "shall make such other order as it deems proper for the protection of the infant or incompetent person." Fed. R. Civ. Proc. 17(c).

6. The prejudice to defendants that would result from the proposed substitution of party plaintiffs is fully explained in the Memorandum of Law of Takata Defendants in Opposition to

Plaintiff's Motion to Substitute Larry Herbert and Shannon Herbert as Guardians for Plaintiff, Matthew Herbert (Dkt #83). GM joins in this Memorandum.

WHEREFORE, GM respectfully requests that this Court enter an order in the form provided by the Takata Defendants, denying Plaintiff's Motion to Substitute Larry Herbert and Shannon Herbert as Guardians for Plaintiff, Matthew Herbert.

Dated: Oct 31, 2006        **LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO**

BY: *Robert J Martin*
Mary Grace Maley, Esquire
Robert J. Martin, Esquire
190 North Independence Mall West
Suite 500
Philadelphia, PA  19106
215-627-03030
Attorneys for Defendant
General Motors Corporation

**OF COUNSEL**:
HANSON MAREK BOLKCOM &
 GREENE, LTD.
Mary E. Bolkcom
Mickey W. Greene
527 Marquette Avenue
Suite 2300
Minneapolis, MN 55402-1326
Telephone:  612.342.2880
Facsimile:   612.342.2899

3

## CERTIFICATE OF SERVICE

I, Robert J. Martin, Esquire, hereby certify that I served on counsel listed below via first class mail a true and correct copy of the Memorandum of General Motors Corporation in Opposition to Plaintiff's Motion to Substitute Larry Herbert and Shannon Herbert as Guardians for Plaintiff Matthew Herbert, the original of which has been filed electronically with the court this date.

Michael D. Shaffer, Esquire
Shaffer & Gaier
One Penn Center
Suite 946
1617 JFK Boulevard
Philadelphia, PA  19103

Madeline S. Baio, Esquire
Rawle & Henderson
334 W. Front Street
2nd Floor
Media, PA  19063

Claire B. Neiger, Esquire
Goldberg, Miller & Rubin, P.C.
The North American Building
121 South Broad Street, Suite 1500
Philadelphia, PA  19107

Robert Ford
Inmate #GM0563
Camp Hill Correctional Facility
P.O. Box 8837
Camp Hill, PA  17001-0200

LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO

BY: *Robert J Martin*
Robert J. Martin, Esquire
Attorney for Defendant,
General Motors Corporation

DATED: Oct 31, 2006
999695v1