UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW HERBERT,                    :
                                    :
                Plaintiff           :
                                    :    NO. 3:CV-05-2152
        -vs-                        :
                                    :    (Judge Kosik)
                                    :
GENERAL MOTORS CORP, et al.,        :
                                    :
                Defendants          :

# MEMORANDUM AND ORDER

The Takata defendants have filed three motions: (1) a motion for summary judgment based upon plaintiff's assumption of risk; (2) a motion for summary judgment based upon plaintiff's lack of expert testimony; lack of proof of a manufacturing defect and spoilation of evidence; and (3) a motion *in limine* to exclude the testimony of plaintiff's expert, Louis A. D'Aulerio.  The motions have been briefed.

We will not go into the background leading up to this case since it is well known to the parties and does not materially impact on our disposition here.

I.

In considering the motion addressing assumption of risk, we note that both parties cite excerpts from depositions and each provides supporting documents.

The defense asserts that plaintiff assumed the risk resulting in his injuries because he failed to use a seat belt available to him, knowingly drove with a drunken driver and did not exit the vehicle as a passenger when an opportunity was provided him.

Plaintiff, on the other hand, provided its interpretation of deposition excerpts which show that plaintiff did indeed use a restraint and made efforts to use a second restraint at issue in this case.  It failed and contributed to the cause of his injuries.[1]

In the circumstances, we believe there exists a genuine issue as to material facts which preclude the granting of summary judgment on the issue of assumption of risk.

II.

The next defense motion for summary judgment is based on the lack of expert testimony to show a manufacturing defect and spoilation of evidence with respect to the rear seat restraint on the vehicle which crashed and resulted in plaintiff's injuries.

While it appears that plaintiff's complaint is couched in language pointing to a manufacturing defect which may questionably lack expert proof, plaintiff is obviously proceeding on a theory of malfunction as a defect which represents a rule of evidence rather than a separate cause of action.  There is authority to support this as a viable basis for recovery in the absence of abnormal use or reasonable secondary causes.  A plaintiff in appropriate circumstances may not even need an expert and may rely on circumstantial evidence.  Here, plaintiff has come further and is prepared to negate secondary causes.

After the accident in this case, it appears the state police investigation confirms the malfunction of the seat belt restraint.  Following the accident, the belt was cut off and preserved as evidence with the knowledge of the police.  The defense laments the lack of notice or even the failure to otherwise properly memorialize the event with pictures.

---

[1]In their reply brief, the defense cites portions of Miss Homet's deposition, page 145, lines 2-24, to contradict plaintiff's citation of her deposition, pages 36-38.  The defense reference wants us to conclude plaintiff did not attempt to use his seatbelt. Plaintiff's reference establishes that plaintiff sought to have the driver slow down and instructed her to buckle up.  Asked if plaintiff had his seatbelt on, she responded, "Yeah, he pulled it over and buckled it, yeah."  When her seatbelt did not work, he changed sides with her. She was then asked: "Q: How many times, if at all, did you see Matt try to pull the seatbelt up?  A: He probably tried about six or seven times.  Just kept, you know, yanking it."  While there is a conflict in Miss Homet's testimony, it raises a genuine issue of fact.

Ultimately, both sides had the device examined and tested by experts.  The defense is separately seeking further testing.  Under the circumstances, we do not believe the facts in this case do more than skirt the spoilation issue without success.

III.

Finally, we have the defense motion to exclude the testimony of plaintiff's expert because he is (1) not qualified to render his proposed testimony; and (2) his proposed testimony is not reliable.

In support of their motion, defendants offer that plaintiff's expert, D'Aulerio, is not an engineer; his expertise in restraints is basically in areas non-automotive; that he has no qualification with respect to the manufacture of seat restraints and that he admits to never having previously offered a review and opinions involving the "ALR feature of a seatbelt retractor."

We have reviewed the curriculum vitae of D'Aulerio, his expert report, which extensively outlines his education, experience with aircraft and automotive restraints.  He holds a Bachelor's Degree in physics and post-graduate courses in engineering.  He possesses extensive experience in occupant crash safety with the government.  We have reviewed portions of his deposition offered to us.  The expert conceded no manufacturing experience with restraints, but counters that his experience has been in design.  His opinion in the case addresses the malfunction of the seatbelt restraint at issue. There is circumstantial lay evidence, as well as the report of the state police, which affirm the malfunction of the restraint at issue.

The Takata defendants may have trouble with the expert's credibility, but that remains for the jury.  We find he does have expertise as to the issue, and that his opinion is supported by scientific reasoning and practical experience.

Conclusion

For the foregoing reasons, the defense motions earlier addressed are **DENIED**.


s/Edwin M. Kosik
United States District Judge



Date: March 8, 2007